UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL A. RISPERS,

                        Plaintiff,

      v.
                                                 ORDER

D. MILLER, et al.,
                                               20-CV-6669-CJS-MJP

                        Defendants.

_____

      **Pedersen, M.J.** On October 22, 2021, and November 5, 2021, Plaintiff Michael A. Rispers ("Plaintiff") filed motions to appoint counsel. (ECF Nos. 39 & 42.) Plaintiff states that he would like counsel because he "is illiterate" and "is a person who suffers from mental illness." (Mot. for Appointment of Counsel at 1, ECF No. 42.) Plaintiff states that because he is illiterate, he "has to depend on the help of other inmates to have an understanding of any and all legal correspondence from the courts." (*Id.* at 2.) For the reasons stated below, the Court denies appointment of counsel. Plaintiff may make another motion for appointment of counsel in the future. The Court encourages Plaintiff to contact the Pro Se Assistance Program, by either calling (585) 295-5709 or going to the website www.legalhelprochester.com. Plaintiff may also wish to contact Prisoners' Legal Services of New York at (607) 273-2283 or by mail at 114 Prospect Street, Ithaca, NY 14850.

      There is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22,

23 (2d Cir. 1988), courts have broad discretion in determining whether such assignments are warranted. *In re Martin-Trigona,* 73 7 F.2d 1254 (2d Cir. 1984). Motions for appointment of counsel are often not granted because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir. 1989). In deciding whether to appoint counsel, the court must carefully consider the relevant factors, which include: 1) Whether the indigent's claims seem likely to be of substance; 2) Whether the indigent is able to investigate the crucial facts concerning his claim; 3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 4) Whether the legal issues involved are complex; and 5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

First, Plaintiff's claim appears to be of substance, weighing in favor of appointing counsel. Both the amended complaint and the answer outline a valid claim. (ECF Nos. 20 & 30).

Second, there is not yet an indication that Plaintiff will be unable to investigate the crucial facts concerning his claim. Plaintiff and Defendants are only beginning to reveal facts of the case through discovery. Defendants provided disclosure under Federal Rule of Civil Procedure 26 on December 7, 2021. (ECF No. 44.) Plaintiff has not raised any problems with the Court about this disclosure. Thus, this factor does

not favor appointment of counsel at the present time. For the same reasons, the third factor does not favor appointing counsel currently. It is unclear whether cross-examination will be needed.

Fourth, the legal issues in this case do not appear complex. Thus, this factor also does not favor appointing counsel.

Fifth, the Court notes that if Plaintiff has difficulties investigating the crucial factors of this case, or providing discovery to the Defendants, his illiteracy and mental illness may provide a "special reason" to appoint counsel in the future.

For the reasons stated, the Court denies Plaintiff's motions for appointment of counsel, (ECF Nos. 39 & 42) without prejudice. Plaintiff is encouraged to contact the Pro Se Assistance Program, by either calling (585) 295-5709 or going to the website www.legalhelprochester.com. Plaintiff may also wish to contact Prisoners' Legal Services of New York at (607) 273-2283 or by mail at 114 Prospect Street, Ithaca, NY 14850.

SO ORDERED.

Dated:   March 21, 2022
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge